IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORION CORPORATION,<br>BAYER CONSUMER CARE AG,<br>BAYER HEALTHCARE LLC, and BAYER<br>HEALTHCARE PHARMACEUTICALS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEMBIC PHARMACEUTICALS<br>LIMITED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 25-825 (JLH) |

**ANSWER TO COUNTERCLAIMS OF**
**ALEMBIC PHARMACEUTICALS LIMITED**

Plaintiffs and Counterclaim Defendants Orion Corporation ("Orion"), Bayer Consumer Care AG ("BCC"), Bayer HealthCare LLC ("BHC"), and Bayer HealthCare Pharmaceuticals Inc. ("BHCPI") (collectively, "Plaintiffs"), by their attorneys, hereby answer the counterclaims of Defendant and Counterclaim Plaintiff Alembic Pharmaceuticals Limited ("Alembic").

**COUNTERCLAIMS**

**The Parties**

1.      On information and belief, Plaintiffs admit the allegations of Paragraph 1.

2.      Plaintiffs admit that Orion is a corporation organized under the laws of Finland with a principal place of business at Orionintie IA, FI-02200 Espoo, Finland.

3.      Plaintiffs admit that BCC is a Swiss corporation with its principal place of business at Peter Merian-Str. 84, Basel, Switzerland 4052.

4.     Plaintiffs admit that BHC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 100 Bayer Boulevard, Whippany, New Jersey.

5.     Plaintiffs admit that BHCPI is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 100 Bayer Boulevard, Whippany, New Jersey.

**Jurisdiction and Venue**

6.     The allegations of Paragraph 6 purport to characterize Alembic's Counterclaims, which speak for themselves.  To the extent a response is required, Plaintiffs deny that Alembic is entitled to any of the relief that it seeks by way of its Counterclaims.  Any remaining allegations in Paragraph 6 are denied.

7.     The allegations of Paragraph 7 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of U.S. Patent Nos. 10,010,530 ("the '530 patent"), 10,383,853 ("the '853 patent"), 10,835,515 ("the '515 patent"), and 11,168,058 ("the '058 patent") (collectively, "the Patents-in-Suit"), and Plaintiffs do not contest that this Court has subject matter jurisdiction over Alembic's Counterclaims, although Plaintiffs deny that this Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271(e)(5).  Any remaining allegations in Paragraph 7 are denied.

8.     The allegations of Paragraph 8 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs do not contest personal jurisdiction for the purposes of this action.

9. The allegations of Paragraph 9 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest venue for purposes of this action.

## COUNT I
### (Declaration of Non-Infringement of the '530 Patent)

10. Plaintiffs incorporate by reference Paragraphs 1-9 as though fully set forth herein.

11. The allegations of Paragraph 11 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '530 patent. Any remaining allegations in Paragraph 11 are denied.

12. Plaintiffs deny the allegations of Paragraph 12.

13. Plaintiffs deny the allegations of Paragraph 13.

## COUNT II
### (Declaration of Non-Infringement of the '853 Patent)

14. Plaintiffs incorporate by reference Paragraphs 1-13 as though fully set forth herein.

15. The allegations of Paragraph 15 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '853 patent. Any remaining allegations in Paragraph 15 are denied.

16. Plaintiffs deny the allegations of Paragraph 16.

17. Plaintiffs deny the allegations of Paragraph 17.

## COUNT III
### (Declaration of Non-Infringement of the '515 Patent)

18. Plaintiffs incorporate by reference Paragraphs 1-17 as though fully set forth herein.

3

19. The allegations of Paragraph 19 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '515 patent. Any remaining allegations in Paragraph 19 are denied.

20. Plaintiffs deny the allegations of Paragraph 20.

21. Plaintiffs deny the allegations of Paragraph 21.

## COUNT IV
### (Declaration of Non-Infringement of the '058 Patent)

22. Plaintiffs incorporate by reference Paragraphs 1-21 as though fully set forth herein.

23. The allegations of Paragraph 23 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '058 patent. Any remaining allegations in Paragraph 23 are denied.

24. Plaintiffs deny the allegations of Paragraph 24.

25. Plaintiffs deny the allegations of Paragraph 25.

## COUNT V
### (Declaration of Invalidity of the '530 Patent)

26. Plaintiffs incorporate by reference Paragraphs 1-25 as though fully set forth herein.

27. The allegations of Paragraph 27 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '530 patent. Any remaining allegations in Paragraph 27 are denied.

28. Plaintiffs deny the allegations of Paragraph 28.

29. Plaintiffs deny the allegations of Paragraph 29.

## COUNT VI
### (Declaration of Invalidity of the '853 Patent)

30.    Plaintiffs incorporate by reference Paragraphs 1-29 as though fully set forth herein.

31.    The allegations of Paragraph 31 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '853 patent.  Any remaining allegations in Paragraph 31 are denied.

32.    Plaintiffs deny the allegations of Paragraph 32.

33.    Plaintiffs deny the allegations of Paragraph 33.

## COUNT VII
### (Declaration of Invalidity of the '515 Patent)

34.    Plaintiffs incorporate by reference Paragraphs 1-33 as though fully set forth herein.

35.    The allegations of Paragraph 35 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '515 patent.  Any remaining allegations in Paragraph 35 are denied.

36.    Plaintiffs deny the allegations of Paragraph 36.

37.    Plaintiffs deny the allegations of Paragraph 37.

## COUNT VIII
### (Declaration of Invalidity of the '058 Patent)

38.    Plaintiffs incorporate by reference Paragraphs 1-37 as though fully set forth herein.

39.    The allegations of Paragraph 39 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that there is an actual case or controversy between Plaintiffs and Alembic with respect to Alembic's liability for infringement of the '058 patent.  Any remaining allegations in Paragraph 39 are denied.

40.     Plaintiffs deny the allegations of Paragraph 40.

41.     Plaintiffs deny the allegations of Paragraph 41.

## RESPONSE TO PRAYER FOR RELIEF

The "WHEREFORE" paragraphs following Paragraph 41 set forth the remainder of Alembic's request for relief, to which no response is required.  To the extent that a response is required, Plaintiffs deny the allegations in the "WHEREFORE" paragraphs following Paragraph 41 and deny that Alembic is entitled to its requested relief, or any relief whatsoever.

To the extent that a further answer is required to any paragraph of Alembic's counterclaims, Plaintiffs deny all further allegations.  Any allegation of Alembic's counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Alembic's counterclaims fail to allege facts sufficient to state a cause of action and fail to state a claim on which relief may be granted.  For example, Alembic has alleged no facts that, if true, would show that the Patents-in-Suit are invalid for any reason.

Plaintiffs reserve the right to assert further affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

(a)     An order dismissing each of Alembic's counterclaims, with prejudice, and denying all relief sought by Alembic;

(b)     A judgment that Alembic has infringed, will infringe, and will induce and contribute to the infringement of each of the Patents-in-Suit;

6

(c)     A judgment that the Patents-in-Suit are valid

(d)     A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Alembic's ANDA Product be not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)     A preliminary and permanent injunction enjoining Alembic, and all persons acting in concert with Alembic, from the commercial manufacture, use, sale, offer for sale, or importation of Alembic's ANDA Product prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(f)     A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of Alembic's ANDA Product prior to the expiration of the Patents-in-Suit will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

(g)     An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Alembic engages in the manufacture, use, offer for sale, sale, or importation of Alembic's ANDA Product prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(h)     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(i)     Costs and expenses in this action; and

(j)     Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

_____
Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Dov P. Grossman
Shaun P. Mahaffy
Arthur J. Argall III
Christian J. Gladden-Sorensen
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

September 26, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 26, 2025, upon the following in the manner indicated:

Timothy Devlin
Neil A. Benchell
Theresa Starck
DELVIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
*Attorneys for Defendant Alembic*
*Pharmaceuticals Limited*

*VIA ELECTRONIC MAIL*

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)